Gurbax-Singh v. Lynch

BIA
Poczter, IJ
A200 595 756

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of July, two thousand sixteen.

PRESENT:
        ROBERT A. KATZMANN,
                *Chief Judge,*
        DENNIS JACOBS,
        SUSAN L. CARNEY,
                *Circuit Judges.*

_____

FNU GURBAX-SINGH, AKA GURBAX
SINGH,
        *Petitioner,*

        v.                                          **15-1244**
                                                    **NAC**
LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

| | |
|---|---|
| **FOR PETITIONER:** | Genet Getachew, Law Office of Genet Getachew, Brooklyn, New York. |
| **FOR RESPONDENT:** | Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Justin Markel, Nancy E. Friedman, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C. |

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner FNU Gurbax-Singh, a native and citizen of India, seeks review of a March 19, 2015, decision of the BIA affirming a January 18, 2013, decision of an Immigration Judge ("IJ") denying Gurbax-Singh's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re FNU Gurbax-Singh,* No. A200 595 756 (B.I.A. Mar. 19, 2015), *aff'g* No. A200 595 756 (Immig. Ct. N.Y. City Jan. 18, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). Asylum applications such as Gurbax-Singh's are governed by the REAL ID Act, which provides that the agency, "[c]onsidering the totality of the circumstances . . . may base a credibility determination on" inconsistencies in an applicant's statements

2

and other record evidence "without regard to whether" those inconsistencies go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64.

Gurbax-Singh argues that the IJ should not have relied on the record of the credible fear interview to find him not credible, and that the IJ improperly analyzed his demeanor. As the Government points out, Gurbax-Singh raised no demeanor challenge before the BIA, and thus failed to exhaust this issue. *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119-20 (2d Cir. 2007). In any event, the IJ did not rely on demeanor in making the adverse credibility determination. Gurbax-Singh has waived any challenge to the remainder of the IJ's findings by failing to challenge them in his brief, and they supply sufficient basis, for the adverse credibility determination. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146-47 (2d Cir. 2008).

We conclude that the IJ reasonably relied on the record of the credible fear interview in finding Gurbax-Singh not credible. We require the agency to "closely examine each . . . interview before concluding that it represents a sufficiently accurate record of the alien's statements to merit consideration in determining whether the alien is credible." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 179 (2d Cir. 2004);

3

*Ming Zhang v. Holder*, 585 F.3d 715, 725 (2d Cir. 2009).  A credible fear interview is sufficiently reliable if it contains a "'verbatim account or transcript' of the alien's statements," was "'designed to elicit the details of an asylum claim,'" and contains no indication that the alien revealed information reluctantly or failed to understand the interpreter's translations.  *Ming Zhang*, 585 F.3d at 721 (quoting *Guan v. Gonzales*, 432 F.3d 391, 396 (2d Cir. 2005)).

Here, the IJ conducted a lengthy analysis of the reliability of the interview record,  and found that: Gurbax-Singh had a Punjabi interpreter and expressed no difficulties understanding the interpreter; although the transcript is not verbatim, it gives the questions asked and Gurbax-Singh's responses, and reveals that Gurbax-Singh was given an opportunity to provide the details of his claim; and Gurbax-Singh did not allege that any portion of the interview record was inaccurate or that he was coerced into providing specific answers.  Gurbax-Singh's attorney objected to the admission of the interview only solely on the ground that she had not had a chance to review it prior to the hearing, not because the record was unreliable.  Given these facts, the IJ did not err in relying on the interview record in addressing

4

Gurbax-Singh's credibility. *See Ming Zhang*, 585 F.3d at 721, 725.

Gurbax-Singh's brief argues that the record is unreliable because he was not allowed to review it before he signed it. He raises this issue for the first time in this Court. Accordingly, it is unexhausted and we decline to address it. *Lin Zhong*, 480 F.3d at 123.

Moreover, the inconsistency between the credible fear interview and Gurbax-Singh's testimony supports the adverse credibility determination. *Xiu Xia Lin*, 534 F.3d at 163-64. During the credible fear interview Gurbax-Singh reported one arrest and beating by police in January 2009. However, he testified that he was beaten three times in 2007, 2008, and 2009, and that he was never harmed in January 2009. The IJ was not required to credit Gurbax-Singh's explanation that he was confused and forgot, as it did not resolve why Gurbax-Singh's memory was improved two years after the interview. *Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

Given the IJ's reasonable reliance on the credible fear interview, and Gurbax-Singh's failure to challenge any of the IJ's additional findings, the IJ's adverse credibility determination is supported by substantial evidence. *See*

5

8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin*, 534 F.3d at 165-66. The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims were based on the same factual predicate. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6